IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INTERCONTINENTAL HOTELS
GROUP, INC. f/k/a BASS
RESOURCES, INC.

               **Plaintiff,**

v.                                       1:06-cv-1213-WSD

**WEIS BUILDERS, INC.**

               **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Intercontinental Hotels Group's ("IHG") Motion for Default Judgment [5] against Defendant Weis Builders, Inc. ("Weiss") as to IHG's claims for breach of contract and attorneys' fees ("Counts I and II," respectively).

On May 22, 2006, IHG filed a Complaint in this Court alleging that Weis breached a building development contract, engaged in "negligent construction," and owed attorneys' fees in connection foundation problems suffered in connection with the Staybridge Suites development project in Las Colinas, Texas, for which

Weis is alleged to have been the developer.[1]  On May 1, 2007, Plaintiff amended its Complaint to dismiss its negligent construction claim, leaving pending in the litigation IHG's claims for breach of contract and attorneys' fees.  The Complaint does not allege damages in a sum certain, but states only that Plaintiff has been damaged "in an amount exceeding $500,000."  The Complaint was served on Weis's registered agent in Georgia, and return of service was executed on May 25, 2006.

On June 19, 2006, IHG moved for Clerk's Entry of Default against Weis and the Clerk of Court entered default on June 20, 2006.  On October 2, 2006, IHG moved for Default Judgment against Weis.[2]  IHG filed a number of affidavits in support of that motion, which purport to establish damages and the attorneys' fees IHG has incurred in this action.

Rule 55 of the Federal Rules of Civil Procedure vests the Court with discretion to determine whether default judgment should be entered. See

---

[1] The Development Agreement has a choice of law provision designating the substantive law of the project's location as the governing law.  The Development Agreement is therefore governed by Texas law.

[2] IHG moved for default only on its breach of contract and attorneys' fees claims, the only claims remaining in the case.

Fed.R.Civ.P. 55(b)(2). In exercising its discretion, the Court reviews a variety of criteria, including whether the Court has subject matter jurisdiction over the case and personal jurisdiction over the parties, and whether the allegations of the complaint state a cause of action. See, e.g, Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir.1997) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. In reviewing its personal jurisdiction, the court . . . exercises its responsibility to determine that it has the power to enter the default judgment.") (quotations omitted); Bruce v. Wal-Mart Stores, Inc., 699 F.Supp. 905, 906 (N.D. Ga.1988) ("In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint."). A default constitutes admission of all well-pleaded factual allegations contained in the complaint, with the exception of issues relating to damages. Greyhound Exhibit Group, Inc. v. ELUL Realty Corp., 973 F.2d 155, 158 (2d Cir.1992).

The Court finds that it has diversity subject matter jurisdiction over IHG's claims, because complete diversity exists between the parties and the amount in

controversy exceeds $75,000.  The Court also finds that it has personal jurisdiction over Weis, which has a Certificate of Authority from the Georgia Secretary of State authorizing it to do business in Georgia.  See Allstate Ins. Co. V. Klein, 422 S.E.2d 863, 865 (Ga. 1992) (noting that a corporation with a Certificate of Authority at the time a claim arises "is a resident [of Georgia] for purposes of personal jurisdiction . . . in an action filed in the courts of this state.")  The Court also finds that IHG states facts sufficient to establish its claims for breach of contract and attorneys' fees.[3]

The Court may only award damages for default judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation."  Adolph Coors Co. V. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985).  Further, "damages may be awarded only if the record adequately reflects the basis for an award via a hearing or demonstration by detailed affidavits establishing the necessary facts."  Id. at 1544.

IHG has submitted a number of detailed affidavits to support its claim for damages in the amount of $1,994,105.29, and $32,614.00 in attorneys' fees.  These

---

[3] IHG's claim for attorneys' fees, although filed as a separate count of its complaint, is statutorily authorized by Texas law as an appropriate additional remedy for breach of contract.  Tex. Civ. Prac. & Rem. Code § 38.001.

affidavits, however, demonstrate that the claimed damages amount is neither liquidated nor the direct result of mathematical calculation.  Rather, some aspects of this claimed amount are admittedly estimates or matters of opinion.  The Court therefore is not entitled to award these damages without first holding a hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff IHG's Motion for Default Judgment [5] as to Counts I and II of its Complaint is **GRANTED**.  A hearing to determine an award for damages and attorneys' fees shall be held on Wednesday, May 23, 2007, at 9:00 a.m. in Courtroom 1705, United States Courthouse, 75 Spring Street, Atlanta, Georgia.

**SO ORDERED** this 2nd day of May, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE