IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **INTERCONTINENTAL HOTELS GROUP, INC. f/k/a BASS RESOURCES, INC.** | |
| **Plaintiff,** | |
| v. | 1:06-cv-1213-WSD |
| **WEIS BUILDERS, INC.** | |
| **Defendants.** | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Weis Builders, Inc.'s ("Weis") Motion to Set Aside Default and Default Judgment [19].

**I.    BACKGROUND**

On May 22, 2006, Plaintiff Intercontinental Hotels Group Resources, Inc. ("IHG") filed its complaint against Defendant Weis Builders, Inc. ("Weis"), alleging that Weis breached a building development contract, engaged in "negligent construction," and owed attorneys' fees in connection work it performed in the construction of the Staybridge Suites development project in Las Colinas, Texas.  IHG alleges that the Staybridge Suites project suffers significant latent defects in the foundation for which Weis should be held responsible.  The

complaint was served on Weis's registered agent in Georgia, and return of service was executed on May 25, 2006.

On June 19, 2006, IHG moved for a clerk's entry of default and the clerk entered default on June 20, 2006. IHG filed an amended complaint on May 1, 2007, asserting only claims for breach of contract and attorneys' fees. On October 2, 2006, IHG moved for default judgment. On May 2, 2007, the Court granted default judgment as to liability on IHG's claims as alleged in the amended complaint. The Court, however, found that damages were not alleged in a sum certain and a date for a damages hearing was set.

On May 21, 2007, Weis appeared in this case for the first time when it moved to set aside the default entered against it. To support its motion, Weis submitted the affidavit of its Chief Financial Officer Cassandra Warner ("Warner") to provide information explaining why it failed to respond to the complaint or the default. In the affidavit, Warner testified: 1) a breakdown in Weis's internal procedures caused the initial complaint to be misplaced, and it was never received by Weis's CEO or general counsel; 2) that Weis did not receive any further materials in this case until it received the Court's May 2 Order of default judgment,

to which it responded promptly; and 3) that Weis has meritorious defenses to the allegations of IHG's amended complaint.

For the reasons set forth below, the Court grants the motion to set aside default, conditioned, as set forth below, on Weis's payment of the attorneys fees and costs incurred by IHG in prosecuting the default proceedings.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default "for good cause shown." Federal Rule 60(b) permits the Court to set aside default judgment upon a showing of "excusable neglect."[1] There is a strong policy of determining cases on their merits, and judgments by default are viewed with disfavor. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

Good cause is determined on a case-by-case basis guided by several factors, including "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a

---

[1] In cases where default judgment has been entered but is not final because damages have yet to be computed, the "good cause" standard of Rule 55(c), and not the more rigorous "excusable neglect" standard of Rule 60(b), applies to motions to set aside the default. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1374 n.27 (11th Cir. 1997).

meritorious defense." Compania Interamericana Export-Import S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996). These factors are "not talismanic," but are frequently used as guidelines. Id. (citation and quotation omitted).

In the present case, these factors favor setting aside the default entered against Weis. Warner's affidavit establishes that Weis's failure to respond to the complaint was not culpable or willful and that Weis acted promptly to correct its default. Warner states that she received the complaint and gave it to her assistant with instructions to transmit it to Weis's CEO and general counsel, which she states is Weis's company policy for processing litigation documents. The assistant mistakenly failed to transmit the complaint. Instead, she apparently placed it in an incorrect file pertaining to a different litigation pending in Texas between these same parties. Warner claims that this errant processing explains why Weis did not file a responsive pleading. While negligent, this behavior was not willful or culpable.[2]

---

[2] IHG argues that other courts have held companies accountable for similar accidents by refusing to set aside default. "A party's failure to establish 'minimum procedural safeguards' for handling legal pleadings which results in a complaint being misplaced does not constitute excusable neglect for the purpose of setting aside a default judgment." Heaton v. Bronacker & Leigh, 173 F.R.D. 533, 535

Warner's affidavit also establishes that Weis acted promptly upon learning of the default. Warner testifies that after Weis misplaced the complaint, the next notice Weis had of this suit was receipt of this Court's May 2, 2007 Order of Default from Corporation Service Company ("CSC"), its registered agent for service of process in Georgia. Warner's affidavit is corroborated by an affidavit from Amy Schultz, a CSC employee. Shultz states that CSC did not receive any pleadings in this case after the summons and complaint were served until it received the Court's May 2 Order. CSC received the May 2 Order on May 9, 2007. Weis filed its motion to set aside default on May 21, 2007, eleven days later.

Weis also offers a meritorious defense in this action. The merit of a proposed defense "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp. V. Diakuhara, 10 F.3d 90 (2d Cir. 1993). Weis claims that IHG is bound by a settlement and release of claims that

---

(M.D. Ala. 1997). The Heaton court relied on Gibbs v. Air Canada, 810 F.2d 1529 (11th Cir. 1987) in holding that an internal communications breakdown on the part of the defendant did not justify setting aside default. Gibbs, however, was decided under the rigorous "excusable neglect" standard of Rule 60(b). The Court here proceeds under the more lenient "good cause" standard of Rule 55(c). The balance of factors in this case favors setting aside the default.

covers the structural problems at issue in this suit.  The settlement agreement, which is part of the record, releases Weis from all claims except those caused by "latent defects in the design or construction of the Projects . . . not reasonably observable on the date of execution of this Agreement."  Warner's affidavit asserts that "the defects complained of in the present Complaint are the identical defects which led to the settlement agreement . . . ."  In other words, Warner asserts under oath her belief that the defect at issue was reasonably observable at the time of the settlement agreement and release of claims, and thus cannot constitute a valid basis for the current suit.  The facts stated in Warner's affidavit, if true, appear to constitute a complete defense to IHG's claims.  IHG contends that this defense is not meritorious because the defects complained of were not reasonably observable at the time of the settlement agreement.  This is an issue to be addressed later.

    IHG has not identified any prejudice to it if this Court sets aside the default other than being denied the benefit of the default.  As noted above, however, Weis has a meritorious defense.  The inconvenience IHG suffers from having to prove its claims at trial is not prejudicial, and is a burden IHG voluntarily assumed when it filed this suit.

IHG argues that it should not have been required to sustain attorneys fees and costs pertaining to the default proceedings and asks that Weis compensate it for these expenses. Several courts have conditioned setting aside default on payment of attorneys' fees to "promote the positive purposes of the default procedures without subjecting either litigant to drastic consequences." 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2700, p. 539 (1983). See also Nilsson, Robbins et. al. v. La. Hydroelectric, 854 F.2d 1538, 1546 (9th Cir. 1988). Doing so strikes a balance between the conflicting policies of efficiency and justice that underlie default procedures. Weis's relief from default judgment shall be contingent on its payment of attorneys fees and costs approved by this Court.

### III.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Weis's Motion to Set Aside Default and Default Judgment [19] is **GRANTED** consistent with the terms of this Order. The Court's Entry of Default Judgment [18] and Clerk's Entry of Default Judgment are **VACATED**. Weis shall file its Answer on or before September 26, 2007.

**IT IS FURTHER ORDERED** that IHG shall file on or before September 26, 2007 a detailed explanation of the attorneys' fees and costs it has incurred in the default proceedings. Any response by Weis must be filed on or before October 5, 2007.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Preliminary Report and Discovery Schedule on or before October 5, 2007. Discovery in this case shall close on January 18, 2008.

**SO ORDERED** this 12th day of September, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE