IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INTERCONTINENTAL HOTELS
GROUP RESOURCES, INC., f/k/a
BASS RESOURCES, INC.,

            Plaintiff,

v.                              1:06-cv-1213-WSD

WEIS BUILDERS, INC.,

            Defendant.

**OPINION AND ORDER**

This matter is before the Court pursuant to the Court's September 12, 2007 Order on Defendant's Motion to Set Aside Default and Default Judgment [25]. In that Order, the Court granted the motion to set aside the default entered against Defendant Weis Builders, Inc., "contingent upon [Weis's] payment of [Plaintiff's] of attorney's fees and costs as approved by the Court." The Court ordered Plaintiff Intercontinental Hotel Group, Inc. ("IHG") to submit "a detailed explanation of the attorney's fees and costs it has incurred in the default proceedings."

**I.     BACKGROUND**

On September 26, 2007, Brian K. Fielden submitted an affidavit on the issue of attorney's fees in which he states that six timekeepers incurred 137.6 hours of legal services in connection with the default. The services are described as falling into four general categories. No detailed information was provided to show the time expended to perform specific tasks. IHG seeks attorney's fees in the amount of $45,683.00. The Court observes that this amount on its face appears unreasonable. The Court has not been provided with sufficient information to determine what amount of fees is appropriate.

**II.    DISCUSSION**

The Court is willing to require Weis to reimburse IHG for attorney's fees which would not have been incurred except for Weis's default. IHG is entitled only to attorney's fees incurred for tasks necessary to the default proceedings. Fees incurred for tasks not necessary to the default proceedings, or for tasks that will have further utility in the litigation of this case, will not be reimbursed. The Court will only award fees in a reasonable amount, reflecting both a reasonable number of billed hours and reasonable efficiency in the allocation and performance of labor.

For example, Rule 55 of the Federal Rules of Civil Procedure provides that the clerk shall enter default upon a party's failure to plead or otherwise defend against the allegations in the Complaint.  The Rule does not require a party to file a motion for default to be entered, and the clerk in this district routinely enters defaults without motion as the Rule requires.  IHG, however, elected to file a pleading to request the clerk to enter default against Weis.  This pleading was unnecessary.[1]

Because entries on the billing sheets filed by IHG in support of its request for attorney's fees show only categories of labor, and not specific tasks, the Court is unable to determine what amount of fees were generated in pursuit of unnecessary tasks, like the preparation of the application for the clerk's entry of default.  The Court is also unable to assess the reasonableness of the time spent on particular necessary tasks, such as the preparation of the briefing in support of IHG's motion for default judgment, or what time was spent on tasks that will be useful to IHG in other aspects of the litigation.  The Court therefore cannot assess

---

[1] The application for default was filed just five business days after the answer was due.  Because the clerk must make an manual entry of default, it usually takes a few days for default to be entered.  Customarily, the requesting party simply calls the clerk's office to ask when default will be entered.

the reasonableness of IHG's request attorney's fees or what amount of fees would be reasonable.

In short, in the absence of sufficient information to evaluate the specific services performed, who performed them, and whether their performance was necessary, efficient, and reasonably conducted, the Court is unable to award attorney's fees. If IHG wishes the Court to reconsider the issue of attorney's fees it should resubmit its billing records to this Court. Although the billing records currently submitted as Exhibit C to the Fielden affidavit adequately show the timekeeper, date of service, billing level, time spent, and amount billed, the records only identify the service performed in terms of overly broad categories. The Court cannot perform its analysis adequately unless each entry also states with specificity the task performed.[2]

---

[2] The Fielden affidavit suggests that whatever services were performed were not performed efficiently. Six different timekeepers, including four attorneys and one law student summer clerk, billed time to prepare these rather routine pleadings, and almost 80 hours were billed by a partner at an average billable rate of $414 per hour. These issues have involved a level of complexity ordinarily within the competence of an associate attorney. In this case, associates aggregated only about 34 hours, less than half of the time billed on this project by partners. It appears to the Court that this work was not performed at the most reasonable and appropriate timekeeper level.

## III. CONCLUSION

The Court does not determine what amount of fees are required to be reimbursed. If IHG seeks an award of fees, it should submit its billing records at the level of specificity described in this Order on or before November 15, 2007.[3]

**SO ORDERED** this 5th day of November 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] In an effort to assist IHG in defining "reasonable," the Court states that fees in the amount of $24,000 would be facially reasonable.